IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 05-cv-1697-WDM-MJW

INTERSCOPE RECORDS, et al.,

    Plaintiffs,

v.

DOES 1-12,

    Defendants.

_____

**ORDER**
_____

Miller, J.

    This matter is before me on the Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery ("Application"), filed August 31, 2005.  Having considered the Application, Plaintiffs' memorandum of law in support of the Application, and the Declaration of Jonathan Whitehead, I conclude that the Application should be denied due to lack of competent evidence supporting the application.

    On August 31, 2005, Plaintiffs filed a complaint for copyright infringement against twelve John Doe defendants ("Defendants").  The complaint alleges that Defendants distributed and/or duplicated copyrighted sound recordings owned or controlled by the Plaintiffs without Plaintiffs' authorization via an online media distribution system in violation of 17 U.S.C. § 101 *et seq.*  Plaintiffs seek permission to obtain immediate discovery from Defendants' Internet Service Provider ("ISP"), Adelphia Communications Corp.

Under Fed. R. Civ. P. 26(d), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," unless authorized by a court order or agreement of the parties or when otherwise allowed under the Rules of Civil Procedure. A court order allowing expedited discovery will issue only upon a showing of good cause. *Qwest Communications Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); *Pod-ners, LLC v. Northern Feed & Bean of Lucerne LLC*, 204 F.R.D. 675, 676 (D. Colo. 2002). The burden of demonstrating good cause is always on the party seeking expedited discovery. *Qwest,* 213 F.R.D. at 419.

I have granted similar applications in several of Plaintiffs' copyright infringement cases in the past. However, in this case, Plaintiffs have failed to carry their burden of demonstrating good cause. The only evidence submitted was a document purporting to be a declaration of Jonathan Whitehead. However, this document was unsigned, and therefore incompetent evidence. *See* 28 U.S.C. § 1746; Electronic Case Filing Procedures for the District of Colorado, Ver. 1.1 § V.C. The application will be denied without prejudice to Plaintiffs submitting a new application that is supported by competent evidence.

Accordingly, it is ORDERED:

1. Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery, filed August 31, 2005, is denied without prejudice.

DATED at Denver, Colorado, on September 6, 2005.

BY THE COURT:

/s/ Walker D. Miller
United States District Judge